UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                            Case No. 15-46548

ROBERT M. KARNAFEL, and                           Chapter 13
PAMALLA C. KARNAFEL,
                                                  Judge Thomas J. Tucker
            Debtors.
_____/

**ORDER DENYING, WITHOUT PREJUDICE, EX-PARTE
MOTION TO WAIVE DEBTOR, ROBERT M. KARNAFEL'S, OBLIGATION TO
COMPLETE THE "INSTRUCTIONAL COURSE CONCERNING PERSONAL
FINANCIAL MANAGEMENT" AND OBLIGATION TO FILE "CERTIFICATION
REGARDING DOMESTIC SUPPORT OBLIGATIONS"**

        This case is before the Court on a motion, purportedly filed by both of the Debtors,
entitled "Ex-Parte Motion to Waive Debtor, Robert M. Karnafel's, Obligation to Complete the
'Instructional Course Concerning Personal Financial Management' and Obligation to File
'Certification Regarding Domestic Support Obligations'" (Docket # 41, the "Motion").  The
Motion, which was filed on September 26, 2018, states that Debtor Robert M. Karnafel "is now
deceased."  (Mot. at ¶ 3.)

        The Motion must be denied because the Motion does not show that it was filed by or on
behalf of anyone with standing to seek the relief sought.  The Debtor Robert M. Karnafel died
before the Motion was filed, so neither the Debtor Pamalla C. Karnafel,  nor her attorney had
authority or standing to file the Motion seeking relief on behalf of Debtor Robert M. Karnafel.

        Only a personal representative duly appointed by the probate court under the laws of the
State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, Robert M.
Karnafel.  *See In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R.
705, 708-09 (Bankr. W.D. Tex. 2000))("[W]hen a debtor dies, the only person who can then
appear on the debtor's behalf is the person so named as the official representative of the probate
estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that
"[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and
liabilities of a decedent's personal representative, a person must be appointed by the register or by
court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann.
§ 700.3703(3)(stating that "[e]xcept as to a proceeding that does not survive the decedent's death,
a personal representative of a decedent domiciled in this state at death has the same standing to
sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent
had immediately prior to death").

        Accordingly,

IT IS ORDERED that the Motion (Docket # 41) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. Any such motion must be filed no later than October 15, 2018.

**Signed on October 1, 2018**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**